**COHN LIFLAND PEARLMAN**
  **HERRMANN & KNOPF LLP**
Peter S. Pearlman
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Tel.: (201) 845-9600
Fax: (201) 845-9423
E-Mail: psp@njlawfirm.com

**BUTSCH ROBERTS & ASSOCIATES LLC**
David T. Butsch (To be admitted *pro hac vice*)
Christopher E. Roberts (To be admitted *pro hac vice*)
231 S. Bemiston Avenue, Suite 260
Clayton (St. Louis), MO 63105
Tel.: (314) 863-5700
Fax: (314) 863-5711
E-Mail: dbutsch@butschroberts.com
          croberts@butschroberts.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARBARA ROSENBLOOM, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>TELEBRANDS CORP.,<br><br>　　　　　　　　　　*Defendant.* | Case No.:<br><br>Civil Action<br><br>**CLASS ACTION COMPLAINT**<br>**AND JURY DEMAND** |

COMES NOW Plaintiff Barbara Rosenbloom, residing at 2315 Seven Pines Drive, Unit 5, St. Louis, Missouri 63146, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant Telebrands Corp., states:

**Introduction**

1.　　This case is about persons nationwide being improperly charged monthly fees for purported services by a New Jersey corporation for which they did not enroll. This misconduct

occurred in New Jersey, the decisions to engage in the misconduct occurred in New Jersey and the corporation received the money at its New Jersey headquarters.

## Parties, Jurisdiction and Venue

2. Barbara Rosenbloom ("Rosenbloom") is an individual who resides in St. Louis County, Missouri and is a citizen of the State of Missouri.

3. Rosenbloom brings this action on behalf of herself and all others similarly situated.

4. Defendant Telebrands Corp. ("Telebrands") is a New Jersey corporation in good standing.

5. Telebrands's principal place of business and headquarters is at One Telebrands Plaza, Fairfield, New Jersey 07004.

6. Telebrands describes itself as "the oldest existing direct response marketing company and the original creator of the 'As Seen on TV' logo and category of trade."

7. Telebrands also provides a service it refers to as its "Everyday Savings" program. Telebrands describes the "Everyday Savings" program as a "premier savings club that makes it easy to find great deals on the things you love. Everyday Savings club members receive instant access to over 200,000 money-saving deals including Restaurant Discounts, Shopping Discounts, Entertainment Discounts, Travel Discounts, and Automotive Discounts."

8. This Court has subject matter jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Rosenbloom and Telebrands are citizens of different states and the amount in controversy exceeds $5 million.

9. Venue is proper in this judicial district because Defendant maintains its principal place of business in this district and many of the actions at issue in this case occurred in this district.

**Background**

10. In April 2018, Rosenbloom called Telebrands to purchase a "Hurricane Spin Scrubber," she had seen advertised on television.

11. Rosenbloom provided the Telebrands representative her credit card information by telephone to purchase the "Hurricane Spin Scrubber" in April 2018.

12. Rosenbloom did not agree Telebrands could place charges on her credit card account for any additional products or services.

13. Rosenbloom did not request to become part of the Telebrands "Everyday Savings" program nor did she authorize Defendant to enroll her in that program.

14. Rosenbloom did not agree that Telebrands could charge her credit card account for any amounts for enrollment in the "Everyday Savings" program.

15. Telebrands, however, charged additional amounts to Rosenbloom's credit card for its "Everyday Savings" program. Specifically, Telebrands charged Rosenbloom an additional $1.00 on April 17, 2019, $14.99 on June 10, 2019 and $14.99 on July 8, 2019.

16. On information and belief, Telebrands has repeatedly engaged in similar misconduct for years. For example, in 2011 Telebrands entered into a settlement with the Iowa Attorney General for improperly charging consumers monthly fees for its "Everyday Savings" program. The Iowa Attorney General stated, "Too often, purchases from Telebrands led to month after month membership charges to a consumer's credit or debit card for a membership the consumer didn't want, didn't use and didn't even know about."

17. In May 2018, a consumer complained online that after ordering a Telebrands product they were "charged every month $14.99 for some sort of membership, that I do not recall being informed of, or agreeing to."

18. In December 2018, a consumer complained online that they "had a reoccurring charge every month of $14.99 for 'membership.' Never [received] information or agreed to it, this charge occurred for three months before I had to call [Telebrands] to get it cancelled."

19. In February 2019, a consumer complained online that, "I noticed a $14.99 reoccurring charge on my bank statement. They said I bought an anklet (sic) in 2017 and I signed up to get discounts, etc. I didn't remember signing up, so I have been charged $14.99 for over two years."

20. On information and belief, Telebrands engaged in this misconduct, in part, in the State of New Jersey, and the establishment and oversight of this misconduct occurred in this state.

21. On information and belief, Telebrands received the improperly obtained payments from the "Everyday Savings" program in the State of New Jersey.

**Class Allegations**

22. Rosenbloom brings this case as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons who were charged for Telebrands's "Everyday Savings" program commencing 6 years prior to the date of the filing of this complaint and continuing to the present day.

23. Rosenbloom seeks to represent the following class:

> All persons in the United States who, from a date 6 years prior to the date of the filing of this complaint to the present, who were charged money by Telebrands for its "Everyday Savings" program without affirmatively enrolling therein.

24. On information and belief, there are thousands of people in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

25. Rosenbloom's claims are typical of the class she seeks to represent because Rosenbloom and the putative class members sustained damage arising from Telebrands's misconduct as described in this Complaint.

26. Rosenbloom will fairly and adequately represent the putative class members. Rosenbloom has retained counsel experienced in prosecuting class actions. Rosenbloom is committed to vigorously prosecuting the claims presented in this Complaint. Neither Rosenbloom nor Rosenbloom's counsel have any interests adverse or in conflict with the absent class members.

27. A class action is superior to other methods for the fair and efficient adjudication of this controversy because joinder is impractical. Additionally, because the damages suffered by the individual putative class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually. There will also be no difficulty in managing this case as a class action.

28. Questions of law and fact common to the putative class members predominate over any questions that may affect individual members because Telebrands has acted on grounds generally applicable to the class. Common questions include, but are not limited to:

   a. Whether Telebrands charged the putative class members for its "Everyday Savings" program without the agreement of class members to impose such charges;

   b. Whether Telebrands's actions described in this complaint violated the New Jersey Consumer Fraud Act; and,

   c. Whether the putative class members have sustained damages, and, if so, the appropriate measure of damages.

## Count I

## Violation of the New Jersey Consumer Fraud Act

29. Rosenbloom incorporates the allegations of the previous paragraphs into this Count.

30. As a business operating in and from the State of New Jersey, Telebrands is subject to the provisions of the New Jersey Consumer Fraud Act.

31. Rosenbloom and the putative class members are "persons" as defined by the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, 56:8-2.

32. The "Everyday Savings" program is "merchandise" as defined by the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, 56:8-2.

33. The New Jersey Consumer Fraud Act prohibits a person from engaging in any unfair practice, and from making any false, deceptive, or misleading representation or omission.

34. Telebrands's conduct complained of in this suit constitutes an unconscionable commercial practice. Telebrands has engaged in unfair, false, fraudulent, deceptive and misleading practices, engaging, by, among other things, charging Rosenbloom and the putative class members for enrollment in its "Everyday Savings" program despite the fact that Rosenbloom and the putative class members did not authorize Telebrands to enroll them in this program.

35. Telebrands's unfair and deceptive practices caused Rosenbloom and the putative class members to suffer an ascertainable loss. They were damaged in that they were charged amounts for a service they did not agree to purchase. Rosenbloom seeks recovery of these amounts individually and on behalf of the putative class members.

36. In addition, Rosenbloom and the putative class members seeks all damages available to them under the New Jersey Consumer Fraud Act, including treble damages for the damages sustained and attorney's fees.

**Demand for Judgment**

WHEREFORE Plaintiff Barbara Rosenbloom, individually, and on behalf of all others similarly situated, requests the Court enter judgment against Telebrands, Corp. and grant the following relief:

a. Enter an order against Telebrands Corp. pursuant to Rule 23 of the Federal Rules of Civil Procedure certifying this action as a class action and appointing Rosenbloom as representative of the class;

b. Enter an order appointing Butsch Roberts & Associates LLC and Cohn Lifland Pearlman Herrmann & Knopf LLP as class counsel;

c. Enter judgment in favor of Rosenbloom and the members of the class for all damages in an amount to be determined, together with all applicable pre-judgment and post-judgment interest;

d. Award Rosenbloom and the class all expenses of this action, and require Telebrands to pay the costs and expenses of class notice and claims administration; and,

e. Award Rosenbloom and the class such further and other relief the Court deems just and appropriate.

**Certification Pursuant to Local Civil Rule 11.2**

Pursuant to Local Civil Rule 11.2, Plaintiff by its undersigned counsel, hereby certifies on information and belief that the matter is controversy is not subject of other actions pending in any court or of any pending arbitration or administrative proceeding.  Plaintiff is not currently aware of any other party that should be joined in this action.

**Certificate of Non-Arbitrability Pursuant to L. Civ. R. 201.1(D)(3)**

I certify, pursuant to Local Civil Rule 201.1(d)(3), that the above-captioned matter is not appropriate for compulsory arbitration because the damages recoverable exceed the sum of

$150,000.00 exclusive of interest and costs and any claim for punitive damages.  I certify under penalty of perjury that the foregoing is true and correct.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff, on behalf of herself and the class, demands a trial by jury on all issues so triable.

Dated:  September 11, 2019

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

*s/ Peter S. Pearlman*
Peter S. Pearlman
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Tel.:  (201) 845-9600
Fax:  (201) 845-9423
E-Mail:  psp@njlawfirm.com

BUTSCH ROBERTS & ASSOCIATES LLC
David T. Butsch (to be admitted *pro hac vice*)
Christopher E. Roberts (to be admitted *pro hac vice*)
231 S. Bemiston, Suite 260
Clayton, Missouri 63105
Tel.:  (314) 863-5700
Fax:  (314) 863-5711
E-Mail:  dbutsch@butschroberts.com
croberts@butschroberts.com

*Attorneys for Plaintiff*